UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GHEORGHE CEBAN,

                Petitioner,

v.

UNKNOWN PARTY et al.,

                Respondents.

_____/

Case No. 1:26-cv-1860

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the

community. (Pet., ECF No. 1, PageID.7.)[1] Respondents filed their response on June 17, 2026, (Resp., ECF No. 4), and Petitioner filed his reply on July 1, 2026, (ECF No. 7). On July 10, 2026, the Court entered an Order directing Respondents to file the immigration judge's (IJ) written order and the transcript or recording from the December 2, 2025, bond hearing. (Order, ECF No. 9, PageID.138–139.) Respondents filed the IJ's written order and a recording of the December 2, 2025, bond hearing on July 13, 2026. (Second Resp., ECF No. 10; Recording of Dec. 2, 2025, Bond Hearing, filed on July 13, 2026.)

## II.    Factual Background

Petitioner is a native and citizen of Moldova. (Mot., ECF No. 2, PageID.45.) Petitioner entered the United States on or about May 18, 2014, and was admitted pursuant to a nonimmigrant exchange visitor visa that allowed Petitioner to remain in the United States "for a temporary period not to exceed September 15, 2014." (Notice to Appear (NTA), ECF No. 7-1, PageID.85.) On October 3, 2025, DHS agents encountered and arrested Petitioner. (Mot., ECF No. 2, PageID.45.) The Department of Homeland Security (DHS) issued Petitioner an NTA charging him as removable under section 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B), because he remained in the United States longer than permitted. (NTA, ECF No. 7-1.)

On December 2, 2025, Petitioner received a bond hearing pursuant to § 1226(a). (IJ Order, ECF No. 10-1, PageID.142.) At the conclusion of the hearing, in a written order, the IJ denied

---

[1] In addition to filing the § 2241 petition, Petitioner also filed a motion in this action, seeking expedited review of the case and immediate release. (ECF No. 2.) As set forth in this opinion, the Court will conditionally grant Petitioner's § 2241 petition. In light of this, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motion.

Petitioner's request for bond because "[Petitioner] did not establish he does not present a substantial flight risk." (*Id.*)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to Petitioner's failure to exhaust Petitioner's administrative remedies. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.


Dated:       July 27, 2026              /s/ Jane M. Beckering
                                        Jane M. Beckering
                                        United States District Judge